NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ENCORE CAPITAL FINANCE, INC.,

    Plaintiff,

v.

HEARTLAND PAYMENT SYSTEMS, LLC; HEARTLAND PAYMENT SYSTEMS, INC.; GLOBAL PAYMENTS, INC.; GLOBAL PAYMENTS DIRECT, INC.; ABC COMPANIES, INC. 1 through 5, and John Does 1 through 5,

    Defendants.

Civ. No. 18-8512

**OPINION**

RECEIVED

JUN 0 6 2018

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon a motion to remand by Plaintiff Encore Capital Finance, Inc. ("Plaintiff"). (ECF No. 18.) Defendants Heartland Payment Systems, LLC ("Heartland, LLC" or "HPS"), Heartland Payment Systems, Inc. ("Heartland, Inc." or "HPS, Inc."), Global Payments, Inc. ("Global"), and Global Payments Direct, Inc. ("Global Direct") (collectively, "Defendants") oppose. (ECF No. 21.) The Court has decided this matter based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion to Remand is denied.

## BACKGROUND

The facts of this breach of contract action are as follows. Plaintiff, a Delaware corporation operating in Seattle, WA, is a broker of small business loans. (Compl. ¶¶ 1, 9, ECF No. 1-6.) Heartland, Inc. and Heartland, LLC, which Plaintiff pleads, upon information and

1

belief, are Delaware entities operating in Atlanta, GA, specialize in credit card payment systems for small businesses. (*Id.* ¶¶ 5–7, 11.)[1] In November 2010, Plaintiff and Heartland entered into a Note Purchase Agreement, later amended in April 2016, providing Plaintiff $250,000 to operate. (*Id.* ¶¶ 13, 22.) Plaintiff and Heartland also had a Referral Agreement under which they shared commissions, and Plaintiff operated as Heartland's lending division. (*Id.* ¶¶ 16–17.) In April 2014, they entered into a Program Manager Agreement ("PMA"), superseding said Referral Agreement and delineating terms to the relationship. (*Id.* ¶ 21.)

In April 2016, Global and Global Direct acquired Heartland, Inc.; Heartland, LLC became the successor in interest, and Heartland, Global, and Global Direct operated as one entity. (*Id.* ¶¶ 26–29.) Initially, Plaintiff's relationship remained unchanged, and the parties sought to renew and extend the PMA. (*Id.* ¶¶ 30–31, 36, 38.) According to Plaintiff, Defendants then entered into a referral and marketing agreement with another company, Biz2Credit. (*Id.* ¶¶ 39–44.) Defendants subsequently did not renew the PMA and sent Plaintiff a default notice for unpaid commissions and arrears. (*Id.* ¶¶ 54, 62, 64.)

On March 28, 2018, Plaintiff filed this action in New Jersey Superior Court, Law Division, Mercer County, pleading breach of contract and breach of the covenant of good faith and fair dealing under the PMA. On April 27, 2018, Defendant Heartland, LLC removed to this Court, "on its own behalf and as Heartland Payment System, Inc.'s successor in interest." (Notice of Removal at 1 n.1, ECF No. 1.) On May 4, 2018, Defendants answered and filed a counterclaim. (ECF No. 9.) On May 10, 2018, Plaintiff moved to remand to state court (ECF

---

[1] Plaintiff pleads all facts relevant to Heartland, Inc. and Heartland, LLC as generally attributable to "Heartland." (*Id.* ¶ 7; *see also id.* ¶¶ 11–29.)

No. 18); Defendants opposed (ECF No. 21), and Plaintiff replied (ECF No. 25). This Motion is presently before the Court.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a), (b). However, the federal court to which the action is removed must have subject matter jurisdiction. *Id.* § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(b). For there to be complete diversity of citizenship between the parties, each plaintiff must be a citizen of a different state from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). The party that removed the case bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Federal courts must "scrupulously confine their own jurisdiction to the precise limits" of § 1441 to give "[d]ue regard [to] the rightful independence of state governments." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Thus, the removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. *Entrekin v. Fisher Sci., Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001).

## DISCUSSION

The central issue on this Motion is whether the parties are in fact diverse to invoke federal subject matter jurisdiction.[2] Plaintiff argues that "[b]ecause Heartland Inc. is a Delaware citizen and so is Encore, complete diversity does not exist and the Court lacks subject matter jurisdiction." (See Pl.'s Br. at 13, ECF No. 18-1.) In their Notice of Removal Defendants assert that the parties are diverse: "[t]his Court should disregard purported defendant Heartland Payment Systems, Inc. because it merged into [Heartland Payment Systems, LLC] in April 2016, and Heartland Payment Systems, Inc. ceased to exist as a separate entity thereafter." (Notice of Removal ¶ 3.) According to Plaintiff, however, Heartland, Inc. survives under Delaware law for the purposes of suit. (*See* Pl.'s Br. at 7, 11.) In opposition, Defendants further assert that to the extent Heartland, Inc. may still be said to exist, it is a nominal party irrelevant to jurisdiction. (*See* Defs.' Opp'n at 1, ECF No. 21.)

A corporation's citizenship is determined both based on its state of incorporation and the situs of its principal place of business or nerve center. 28 U.S.C. § 1332(c)(1); *Johnson v. SmithKline Beechman Corp.*, 724 F.3d 337, 347 (3d Cir. 2013). The citizenship of a limited liability company ("LLC"), however, is not determined by the state in which it is formed, but rather the citizenship of its members. *See Johnson*, 724 F.3d at 348.

When determining diversity jurisdiction, courts should disregard nominal parties and "rest jurisdiction only upon the citizenship of real parties to the controversy." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S.

---

[2] The parties do not seem to dispute whether the amount in controversy satisfies jurisdictional requirements. Defendants detailed why it exceeds $75,000 for the amount owed on the notes, future commissions claimed by Plaintiff under the PMA, punitive damages, and attorneys fees and costs (as provided for by both the note and PMA). (Notice of Removal ¶¶ 11–19.) Plaintiff has raised no issue with these allegations on its Motion.

4

458, 461 (1980)). "Nominal parties are generally those without a real interest in the litigation," *id.*, or where "there is no reasonable basis for predicting that [they] will be held liable," *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (internal quotations and citations omitted). Courts may, but are not bound, to employ the Federal Rule of Civil Procedure 19 analysis for whether a party is necessary and indispensable. *See Vollers Excavating & Constr. Co., Inc. v. AIG Baker Mt. Olive, LLC*, 2004 WL 7331448, at *3 (D.N.J. Dec. 22, 2004); *Hippo Fleming & Pertile Law Offices v. Westport Ins. Corp.*, 2016 WL 1715195, at *2 (W.D. Pa. Apr. 28, 2016).

Plaintiff raises Delaware law on corporate dissolution, pursuant to which "[a]ll corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . for the purpose of prosecuting and defending suits . . . against them . . . ." 8 Del. Ann. Code § 278. The Third Circuit has concluded that "when such a state statute renders a dissolved corporation 'sufficiently alive to sue,' the corporation also retains its citizenship for purposes of diversity jurisdiction." *Johnson*, 724 F.3d at 358–59 (quoting *Stentor Elec. Mfg. Co. v. Klaxon Co.*, 115 F.2d 268, 271 (3d Cir. 1940), *rev'd on other grounds*, 313 U.S. 487 (1941)). Therefore, a defendant's corporate dissolution does not "standing alone, destroy its [state] citizenship or the import of that citizenship." *Id.* at 359; *see also McCarthy v. Hamilton Farm Golf Club, LLC*, 2011 WL 1775728, at *3 (D.N.J. May 9, 2011) (finding state statute rendered dissolved corporation amendable to suit and its citizenship relevant for diversity); *Jocz v. Eichleay Eng'rs, Inc.*, 2008 WL 5157503, at *4 (E.D. Pa. Dec. 9, 2008) ("[U]nder the Third Circuit's objective test, the Eichleay Defendants' dissolution does not render Plaintiff's claims invalid for jurisdictional purposes.").

It is true that under Delaware law a corporation ceases to exist and is terminated upon a merger. *See* 8 Del. Code Ann. § 259(a); *Export-Import Bank of Korea v. ASI Corp.*, 2017 WL 3579433, at *2 (C.D. Cal. June 13, 2017) (quoting *Beals v. Washington Int'l, Inc.*, 386 A.2d 1156, 1161 (Del. Ch. 1978)). Yet merged and surviving entities may still be treated differently than dissolved corporations. *See Bank of Am., N.A. v. Prosser*, 2015 WL 1593747, at *3 (D.V.I. Apr. 6, 2015) ("[W]ith respect to merged companies, it is the surviving entity's citizenship which is determinative for diversity." (internal citations omitted)); *Sentry Mktg., Inc. v. Unisource Worldwide, Inc.*, 42 F. Supp. 2d 188, 191 (N.D.N.Y. 1999) (looking to state statute to determine whether a merged or surviving corporation's citizenship is determinative for diversity purposes; finding under NY and CA law only surviving entity matters).

The Court agrees with Defendants' analysis: like in *Johnson*, "all of [Heartland, Inc.'s] 'debts, liabilities and duties' now lie with [Heartland, LLC]." 724 F.3d at 359 (quoting 6 Del. Code Ann. § 18-214)). (*See* Defs.' Opp'n at 6–7; Lumpkin Decl. ¶ 6, Ex. C, ECF No. 21-1 ("As a result of HPS, Inc. merging into HPS in April 2016, HPS, Inc. transferred all of its 'debts, liabilities, obligations and duties' to HPS." (quoting SEC merger filings)); *id.* ¶ 8 ("HPS, Inc. transferred to HPS all of HPS, Inc.'s rights, duties, liabilities, and obligations to Encore, including, but not limited to, its rights, duties, and obligations under the Amended Note and Program Management Agreement with Encore."))[3]; SEC Schedule 14A ¶ 2.4, Ex. A, ECF No. 21-1.) Upon merger, Heartland, LLC was in all respects Heartland, Inc.'s successor in interest and continued relations with Plaintiff (Lumpkin Decl. ¶ 9; Compl. ¶¶ 27, 86), and therefore, it cannot be said that Heartland, Inc. retains its own real interest in the litigation.

---

[3] Christin Camp Lumpkin is Senior Vice President of Global Payments Inc., Heartland, LLC's parent company. (*Id.* ¶ 2.)

The Court is persuaded that although Heartland, Inc. dissolved under Delaware law and is thus still amendable to suit, this total merger renders Heartland, Inc. a nominal party. This conclusion comports with this Court's previous decision in *Bank of America, N.A. v. Prosser* and the general conclusion that "[t]he cases seem to be in agreement that the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant." Charles A. Wright, et al., 13F Fed. Prac. & Proc. Juris. § 3623 (3d ed.); *id.* n.52 (collecting cases).[4] In sum, Heartland, Inc.'s citizenship in Delaware will not be considered for purposes of diversity jurisdiction. All remaining parties are diverse: Global is a citizen of Georgia and Global Direct is a citizen of Georgia and New York (Notice of Removal ¶¶ 6–7), and Heartland, LLC, whose sole member is Global, is also a citizen of Georgia (*id.* ¶ 8). (*See also* Compl. ¶¶ 2–3, 6.) Therefore, this Court retains subject matter jurisdiction over the action.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. An appropriate Order will follow.

Date: June 5, 2018

ANNE E. THOMPSON, U.S.D.J.

---

[4] While there are some cases that have reached a contrary conclusion, they all rely on distinguishable facts. *See, e.g., Humana Ins. of P.R., Inc. v. Gastronomical Workers Union Local 610 & Metro. Hotel Ass'n*, 2010 WL 11545621, at *2 (D.P.R. Feb. 26, 2010) (finding merger alone did not render party nominal where surviving company was not a defendant and merged party had relationship with plaintiff); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, (W.D. Va. 1990) (finding merged party not nominal where it was "principal alleged wrongdoer," "critical party," and the merger involved fraudulent transfers).

7